```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                  BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
ENTERED

OCT 26 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE AVILA | * | |
| | * | |
| VS. | * | CIVIL ACTION |
| | * | NO. B-96-049 |
| UNITED STATES OF AMERICA | * | |

## MEMORANDUM ORDER

Before this Court is Petitioner's request for written Findings of Fact and Conclusions of Law on his Motion to Vacate, Set Aside or Correct Sentence. An Order denying his Motion to Vacate, Set Aside or Correct Sentence was entered by this Court on October 5, 1998.

## PROCEDURAL HISTORY

1. This 28 U.S.C. § 2255 proceeding was initiated on March 25, 1996. The essence of Petitioner's Motion is that his conviction for importing narcotics into the United States is invalid since the evidence introduced at trial only showed that Petitioner transported drugs from the interior of Mexico to the border area. According to Petitioner there was no evidence introduced at trial to show that Petitioner knew that the drugs transported to the border were to be imported into the United States. Avila faults his trial counsel for failing to require instruction regarding the "importation".

2. Ordered to respond the Government filed a Motion for Summary Judgment on July 17, 1996. The Government pointed out that at trial the Government adduced evidence to show that Avila was a member of the Raul Garza drug trafficking organization and that such organization was responsible for moving large amounts of drugs from Mexico to Brownsville. Avila's trial counsel's strategy has been to deny any knowledge of the organization and therefore Avila's argument, at this juncture, would have contradicted his trial counsel's strategy.

3. Subsequently, Avila requested and obtained an evidentiary hearing. The hearing was held on January 14, 1998 and the Court issued a Writ of Habeas Corpus Ad Prosequendum to allow Avila to be present at the hearing. No witnesses were produced at the hearing and counsel for Avila and the Government presented oral arguments in support of their respective positions. At the conclusion of the hearing the Court took the matter under advisement and ordered each party to submit a set of proposed findings of fact and conclusions of law in support of their respective positions. In February of 1998, both parties' counsel submitted their proposed findings of fact and conclusions of law.

4. On October 5, 1998, this Court entered an Order denying Avila's Motion to Vacate, Set Aside or Correct Sentence. Avila then requested written findings of fact and conclusions of law.

2

## CONCLUSION

This Court has read the parties' pleadings, the transcript of counsel argument at the evidentiary hearing, reviewed both sets of proposed findings of fact and conclusions of law in light of the record and the applicable law and is of the opinion that:

(a) the Government's Motion for Summary Judgment should be granted.

(b) Avila's Motion to Vacate, Set Aside or Correct Sentence should be denied.

(c) This cause of action should be dismissed with prejudice.

(d) Petitioner's request for written Findings of Fact and Conclusions of Law should be granted.

In support of the aforementioned opinion, this Court adopts, in toto, the Government's Proposed Findings of Fact and Conclusions of Law submitted on February 17, 1998.

It is so Ordered.

Done at Brownsville, Texas, on this 26th day of October, 1998.

Filemon B. Vela
United States District Judge