

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

SEP 19 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-96-049 |
| | § | |
| JOSE S. AVILA, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this court is defendant's motion to vacate, set aside, or correct sentence under Title 28 U.S.C. § 2255.

### PROCEDURAL BACKGROUND

Defendant was found guilty by jury of conspiracy to import a quantity exceeding 1,000 kilograms of marijuana and of importing a quantity exceeding 100 kilograms of marijuana. The trial court sentenced defendant to 151 months imprisonment.

In 1996, Avila filed a federal habeas corpus motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The petition was denied, and the 5th Circuit Court of Appeals affirmed the judgment of the district court.

On June 9, 1999, Avila filed the instant § 2255 motion to vacate his conviction and sentence, alleging numerous issues including legal sufficiency of the evidence, violation of due process rights, and failure to allege an essential element of the offense.

### RECOMMENDATION

This court finds that it lacks jurisdiction over Avila's motion. Since Avila had already filed one federal habeas petition, he needs the permission of an appropriate court of appeals before he can

again challenge his conviction or sentence in the district court. *See* 28 U.S.C. §§ 2244(b)(3)(A),[1] 2255.[2] If a defendant files a second habeas petition in the district court, either pro se or assisted by counsel, it must be immediately dismissed for lack of jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999); *United States v. Rich*, 141 F.3d 550, 554 (5th Cir.1998). Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit. *See In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) ("Section 2244 – one of the gatekeeping provisions of the AEDPA – was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences.").

## CONCLUSION

Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over any successive habeas petition until an appropriate court of appeals has granted the petitioner permission to file one. *See Hooker*, 187 F.3d at 682; 17A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE, JURISDICTION AND RELATED MATTERS § 4267 (describing the bar as a "significant procedural barrier"). Because Mr. Avila's right to file a second § 2255 motion must initially be addressed by the court of appeals rather than by this court, this court lacks the jurisdiction to consider Mr. Avila's petition for habeas corpus.

---

[1] 28 U.S.C. § 2244(b)(3)(A) states:
Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

[2] 28 U.S.C. § 2255 states, in relevant part:
A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
　　(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
　　(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

IT IS therefore **RECOMMENDED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 be **DISMISSED** for lack of jurisdiction.

DONE at Brownsville, Texas, this 18th day of September, 2000.

John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com